**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **ANTHONY TYRELL WILBURN,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **WARDEN,** <br><br> **Respondent.** | **No. 3:26 CV 748** |

**OPINION and ORDER**

Anthony Tyrell Wilburn, a prisoner without a lawyer, filed a habeas petition in connection with his conviction for robbery under Case No. 35C01-1905-F2-123.[1] Following the initial direct appeal, on January 4, 2022, the Huntington Superior Court re-sentenced him as a habitual offender to twenty-nine years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Wilburn argues that he is entitled to habeas relief because his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which stands for the proposition that "[o]ther than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The relevant facts are as follows. At the time of trial in July

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2020, Wilburn faced two relevant criminal charges. He was charged with burglary as a Level 2 felony and was accused of breaking and entering the building of another person with intent to commit a felony or theft while armed with a deadly weapon pursuant to Ind. Code § 35-43-2-1((3)(A). He was also charged with robbery as a Level 3 felony and was accused of knowingly or intentionally taking property from another person by using or threatening the use of force on any person while armed with a deadly weapon pursuant to Ind. Code § 35-42-5-1(a). (DE # 1 at 7.) A jury found Wilburn guilty of both burglary and robbery during the first trial phase. He was also charged with a habitual offender sentence enhancement, but he admitted his status as a habitual offender during the second trial phase. The trial court merged the robbery conviction into the burglary conviction and issued an enhanced sentence only for the burglary conviction. On direct appeal, the Indiana Court of Appeals found insufficient evidence to support the element of breaking in, reversed the burglary conviction, and ordered the trial court to instead issue a sentence for the robbery conviction. On January 4, 2022, the trial court issued an enhanced sentence of twenty-nine years on the robbery conviction: specifically, fifteen years on the burglary conviction and an additional fourteen years on the habitual offender enhancement. Under Indiana law, the sentencing range for a Level 3 felony is from three years to sixteen years, and the range for a habitual offender enhancement is from six years to twenty years. Ind. Code § 35-50-2-5(b); Ind. Code § 35-50-2-8(i)(1).

Against this backdrop, the court can discern no *Apprendi* violation in connection with Wilburn's robbery sentence. With respect to the unenhanced robbery sentence, a

jury found that the prosecution had proven that Wilburn had committed robbery as charged beyond a reasonable doubt, and his unenhanced sentence of fifteen years is not beyond the statutory maximum punishment of sixteen years. With respect to the sentence enhancement, Wilburn conceded his habitual offender status at trial, and the enhancement of fourteen years is not beyond the statutory maximum punishment of twenty years.

Wilburn's more specific arguments are difficult to parse, but he appears to argue that because the Indiana statute codifying the criminal offense of robbery differs from 18 U.S.C. § 2111, the federal statute codifying the criminal offense of robbery, the Indiana statute is invalid, and the federal statute governs his conviction. He specifically observes that the federal statute did not include the use of a weapon as an element of the offense. He relies the Supremacy Clause and on *Ping v. United States*, 130 U.S. 581, 605 (1889), for the proposition that "[t]he constitution and laws of a state, so far as they are repugnant to the constitution and laws of the United States, are absolutely void."

Significantly, the fact that Indiana includes the use of a weapon as an element of robbery as a Level 3 felony cannot be fairly characterized as "repugnant" to 18 U.S.C. § 2111. To start, there is nothing inherently repugnant or contradictory about Indiana including the use of a weapon as an element of robbery when the federal statute does not, particularly when the federal criminal code authorizes sentence enhancements for the use of firearms. *See* 18 U.S.C. § 924(c). Further, the federal statute says nothing about what conduct the States might prohibit in their respective jurisdictions under the criminal offense of robbery; it also does not purport to govern conduct within the

respective jurisdictions of the States. To the contrary, the federal statute expressly limits its purview to conduct "within the special maritime and territorial jurisdiction of the United States." *See also* 18 U.S.C. § 7 (defining "special maritime and territorial jurisdiction of the United States"). Additionally, the separate criminal codes for United States and for each of the States are entirely consistent with the dual sovereignty system of government established by the Constitution. *See Gamble v. United States*, 587 U.S. 678, 681, 689 (2019) (reaffirming the principle that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."). Consequently, the court cannot find that the Indiana statute codifying robbery as a criminal offense is invalid or that Wilburn's claim under *Apprendi* presents a valid basis for habeas relief.

Wilburn's petition also appears to be untimely and procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."); 28 U.S.C. § 2244(d)(1)(A) (one-year limitation begins to run when the conviction becomes final). He appears to assert actual innocence to overcome these procedural deficiencies, stating that he has never been convicted of a "gun/weapon" charge and he is actually innocent "until proven guilty." "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). Actual innocence in the context of federal habeas law

"means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Contrary to Wilburn's allegations, he was convicted of an offense involving the use of a weapon. Further, Wilburn does not offer any new evidence or even argue that he did not commit the offense of robbery as charged and convicted. Consequently, his assertion of actual innocence cannot excuse the untimely and procedurally defaulted nature of his claim.

In sum, the court is inclined to find that Wilburn's sole habeas claim is meritless, untimely, and procedurally defaulted. However, in light of his *pro se* status, the court will grant Wilburn an opportunity to respond to the court's analysis of his claim rather than immediately denying the habeas petition.

For these reasons, the court:

(1) **ORDERS** Anthony Tyrell Wilburn to file a response to this Order by **October 9, 2026**; and

(2) **CAUTIONS** Anthony Tyrell Willburn that, if he does not respond by this deadline, the court will dismiss this case without further notice.

**SO ORDERED.**

Date: September 9, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT