UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY TYRELL WILBURN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-748-JTM-JEM |

OPINION and ORDER

Anthony Tyrell Wilburn, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for robbery under Case No. 35C01-1905-F2-123. Following the initial direct appeal, on January 4, 2022, the Huntington Superior Court re-sentenced him as a habitual offender to twenty-nine years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In a prior order, the court reviewed the petition and found that the sole habeas claim was meritless, untimely, and procedurally defaulted. (DE # 3.) Nevertheless, the court allowed Wilburn an opportunity to address these concerns rather than immediately dismissing this case. *Id.* Wilburn has now filed a response, which the court will now consider. (DE # 4.)

In his response, Wilburn continues to argue that the Supremacy Clause invalidates the Indiana statute codifying the criminal offense of robbery because it is

contrary to the federal statute codifying the criminal offense of robbery. He also raises for the first time, an argument that the federal statute codifying a sentence enhancement for use of a weapon also governs his State court conviction. The court remains unpersuaded that Wilburn's claim has merit. He cites *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 712 (1985), for the proposition that "the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law." He identifies how the Indiana and federal statutes are different, but he does not explain how they interfere with each other or are contrary given that they apply in different jurisdictions and given the lack of any conflict that would pose an obstacle to an individual seeking to conform his behavior to both the Indiana and the federal statutes. Having considered Wilburn's arguments, the court concludes that the petition is meritless, untimely, and procedurally defaulted. Therefore, the court will deny the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Wilburn to proceed further.

For these reasons, the court:

(1) DENIES the petition (DE # 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition is meritless, untimely, and procedurally defaulted;

(2) DENIES Anthony Tyrell Wilburn a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED.**

Date: October 1, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT